UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| MICHAEL OKPOR, | : | |
| Plaintiff, | : | Civil Action No. 10-1012 |
| v. | : | |
| KENNEDY HEALTH SYSTEM, et al., | : | **OPINION** |
| Defendants. | : | |

Presently before the Court is Plaintiff, Michael Okpor's ("Okpor" or "Plaintiff") application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.  Okpor has instituted this *pro se* civil rights action against defendants Kennedy Health System, Beth Lovell and Donna Simmerson, alleging violations of his civil rights under 42 U.S.C. §§ 1981, 1982, 1983, 1985, and 1988 and breach of contract.  The Court has reviewed Plaintiff's application and finds that he financially qualifies for *in forma pauperis* status.  In addition, the Court has reviewed Plaintiff's complaint and finds that a portion of the Complaint will be dismissed for failure to state a claim upon which relief may be granted.  28 U.S.C. § 1915(e)(2)(B).  For the reasons set forth below, Plaintiff's claims under § 1981 and breach of contract may proceed.  The Court will strike the remainder of Plaintiff's claims under §§ 1982, 1983, 1985 and 1988 for failure to state a claim and directs the Clerk of the Court to file the complaint without prepayment of the filing fees consistent with this Opinion. 28 U.S.C. § 1915(a).

## I. Background[1]

On or about October 28, 2006, Okpor, a resident of New Jersey, visited the emergency room at Kennedy Hospital, located in Stratford, New Jersey, complaining of pain and a headache. (Count I, ¶¶ 1 & 3)[2]  After meeting with the triage nurse, Okpor was sent to meet Dr. Lovell, an emergency room physician. (Id. at ¶ 4)  Dr. Lovell invited another female physician to address Okpor's health condition, which Okpor believes was Dr. Simmerson. (Id. at ¶ 4; Count III, ¶ 4).

Subsequently, Okpor was told publicly, in front of his wife and members of the public in the waiting room (Count II, ¶ 2), that the hospital did not treat black men from Africa with AIDS. (Count I, ¶ 6)  As a result, Okpor was denied treatment, and suffered embarrassment, humiliation, emotional distress and pain and suffering. (Count I, ¶ 9).

Although Okpor is unsure whether Dr. Lovell or Dr. Simmerson made the comment, he believes that the comment was made by Dr. Simmerson; an identification he made by observing her lab coat. (Count III, ¶ 4)  Okpor also alleges that Kennedy Hospital is vicariously liable for the conduct and tortuous acts of its employees and agents. (Count V, ¶ 3)  Drs. Lovell and Simmerson are employees of Kennedy, and were acting within the scope of their authority. (Count V, ¶ 2)  Okpor further alleges that Kennedy, as a place of public accommodation has a duty to ensure that it does not discriminate against anyone seeking medical care. See N.J.S.A. 10:5-5(l)(listing a

---

[1] The factual allegations are taken from the Plaintiff's complaint, and for the present purpose, the Court accepts them as true, as well as the reasonable inferences that can be drawn from them. Brown v. Philip Morris Inc., 250 F.3d 789, 796 (3d Cir. 2001)(citation omitted).

[2] The numbering system utilized in the complaint is irregular.  Citation to the Complaint is made in a manner that best directs the reader to the source of the alleged facts.

hospital as a place of public accommodation).

As a place of public accommodation, N.J.S.A. 10:5-12(f)(1) provides in relevant part:

> It shall be an unlawful employment practice, or, as the case may be, an unlawful discrimination, "[f]or any . . . place of public accommodation directly or indirectly to refuse, withhold from or deny to any person any of the accommodations, advantages, facilities or privileges thereof . . . on account of race, creed, color, national origin . . . ."

Plaintiff requests to proceed *in forma pauperis*.

## II. Standard of Review

Leave to proceed *in forma pauperis* first requires a showing of indigence pursuant to 28 U.S.C. § 1915(a)(1).[3] That statute provides:

> Any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees and costs or security therefor, by a person who submits an affidavit that includes a statement of all assets such *prisoner* possesses that the person is unable to pay such costs or give security therefor.

28 U.S.C. § 1915(a)(1) (emphasis added).

To determine indigence, the Court reviews the litigant's financial statement, and, if convinced that he or she is unable to pay the court costs and filing fee, will grant leave to proceed *in forma pauperis*, pursuant to 28 U.S.C. § 1915. The Court has reviewed the financial statement of the Plaintiff and finds that he is indigent and qualifies for *in*

---

[3] Although the language of the statute includes the term 'prisoner,' the Third Circuit has stated that the statute applies to non-prisoners as well. See Walker v. People Express Airlines, Inc., 886 F.2d 598 (3d Cir. 1989). If a non-prisoner seeks permission to file a civil rights complaint *in forma pauperis*, he or she must file an application, as would a prisoner, and include in the application, an affidavit of poverty, outlining "all income and assets that such person possesses." Glenn v. Hayman, No. 07-112, 2007 WL 432974 at, *7 (D.N.J. Jan. 30, 2007) (citing 28 U.S.C. § 1915).

*forma pauperis* status.

Next, the Court will "screen" the complaint, and may *sua sponte* dismiss any claims that "(1) [are] frivolous or malicious; (2) fail to state a claim upon which relief may be granted; or (3) seek monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B). In so doing, the Court must accept the plaintiff's allegations as true and examine its contents in the light most favorable to the plaintiff. Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997). Pro se complaints are afforded even more liberal scrutiny. Haines v. Kerner, 404 U.S. 591, 520-521 (1972).

Even so, a court need not accept legal conclusions disguised as statements of fact, unsupported conclusions or unwarranted references, regardless of the status of the plaintiff. Baraka v. McGreevey, 481 F.3d 187, 195 (3d Cir. 2007). Finally, if dismissal of a claim is warranted, the Court must first grant leave to amend the complaint, but only if the amendment could remedy the defect. Urrutia v. Harrisburg County Police Dep't, 91 F.3d 451, 453 (3d Cir. 1996).

### III. Analysis

Generally, review of a complaint under § 1915 tracks the standards on a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6). A complaint is frivolous if it "lacks an arguable basis either in law or fact," and should be dismissed pursuant to Rule 12(b)(6) if the alleged facts, taken as true, fail to state a claim. Neitzke v. Williams, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law if it states an "inarguable legal conclusion." Id. at 325. A *pro se* complaint may be dismissed for failure to state a claim only if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

When determining the sufficiency of a complaint, the question is not whether plaintiff will ultimately prevail, Watson v. Abington Twp., 478 F.3d 144, 150 (2007), but rather if the plaintiff has articulated "enough facts to state a claim to relief that is plausible on its face."[4] Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Although the complaint does not need detailed factual allegations, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief,' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 555 (internal citations omitted).

The Supreme Court in Iqbal, recently revised the standard for dismissal of a complaint that fails to state a claim, identifying two important principles underlying the standard. 129 S.Ct. 1937. First, the tenet that a Court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Iqbal, 129 S.Ct. at 1949. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. Second, a complaint will survive a motion to dismiss only if the complaint states a *plausible* claim for relief. Id. at 1950 (emphasis added). Whether or not a complaint states a plausible claim for relief, requires the reviewing court to "draw on its judicial experience and common sense and is a context-specific task." Id.

The Third Circuit requires "that a district court must conduct the two-part analysis set forth in Iqbal when presented with a motion to dismiss." Hargis, 2010 WL 1999303, at *4. Thus, Okpor's claims pursuant to 42 U.S.C. §§ 1981, 1982, 1983, 1985,

---

[4] A claim has facial plausibility when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009) (citing Twombly, 550 U.S. at 556).

and 1988 and breach of contract must state a plausible claim for relief and are accepted as true unless the claims are legal conclusions.  Therefore, even if doubtful in fact, the plaintiff should be permitted to proceed as long as the allegations are "enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true."  Twombly, 550 U.S. at 556.

###### A. Section 1981

Okpor has adequately pled a *prima facie* case for race discrimination under 42 U.S.C. § 1981, which prohibits racial discrimination in the making and enforcement of contracts and property transactions.  A cognizable claim under § 1981, "must allege (1) that the plaintiff is a member of a racial minority; (2) intent to discriminate on the basis of race by the defendant; and (3) discrimination concerning one or more of the activities enumerated in the statute, which includes the right to make and enforce contracts."  Brown, 250 F.3d at 797.  A violation of § 1981 requires 'intentional' discrimination.  Ocasio v. Lehigh Valley Family Health Ctr., 368 F. Supp. 2d 370, 377 (E.D.Pa., 2003). In the Third Circuit, the discriminatory intent alleged must be more than merely a discriminatory impact.  Croker v. Boeing Co., 662 F.2d 975, 988 (3d Cir. 1991).

Okpor's § 1981 claim can proceed. He is a member of a racial minority and as a place of public accommodation, Okpor has the right to visit the emergency room at Kennedy for treatment of his pain and headache.  Although the factual allegations in support of the second element of the claim related to intentional discrimination are thin, construing the complaint liberally, Defendants' racial comment may be enough to establish intentional discrimination.  While "[c]onclusory allegations of generalized racial bias do not establish discriminatory intent," Okpor has alleged enough facts to

support an allegation of intentional discrimination, which if believed, state a claim for relief.  See generally, Jones v. Sch. Dist. of Phila., 19 F. Supp. 2d 414, 421 (E.D.Pa. 1998) (citing Vill. of Arlington Heights v. Metro Hous. Dev. Corp., 429 U.S. 252, 264-68 (1977)).

Finally, Kennedy, as a place of public accommodation, has an implied contractual agreement to assist emergency room visitors, pursuant to N.J.S.A. 10:5-12(f)(1), and to not deny treatment to anyone on account of race.  Further, an outright refusal to provide treatment to a particular patient may be in violation of a physician's contractual obligations.  On this basis, Okpor has sufficiently pled facts in support of his § 1981 claim.

**B. Section 1982**

Okpor's claims under § 1982 are dismissed as frivolous and for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B).  Section 1982 prohibits racial discrimination in transactions relating to real and personal property and provides:

> All citizens of the United States shall have the same right, in every State and  Territory, as is enjoyed by white citizens thereof to inherit, purchase, lease, sell, hold, and convey real and personal property.

To bring a cognizable claim under § 1982, a plaintiff must "allege with specificity facts sufficient to show or raise a plausible inference of (1) the defendant's racial animus; (2) intentional discrimination; and (3) that the defendant deprived plaintiff of his rights because of his race." Brown, 250 F.3d at 797.

Even under a very liberal reading of the Complaint, Okpor, at best, only recites the elements necessary to invoke a claim under § 1982.  Due to his denial of treatment, Okpor alleges that he was deprived of his *right* of being treated, causing "[Okpor] to

suffer a delay in obtaining treatment," (Count I, ¶ 6.), and causing him to sustain "pain and suffering, emotional distress, embarrassment and humiliation." Id. While it appears, at this time, that Okpor has recited the elements necessary to bring a claim under § 1982, he has not alleged facts, with the exception of racial animus, consistent with the rights invoked under § 1982, nor has he stated a claim under which he is entitled to relief. Thus, Okpor's claims under § 1982 are dismissed with leave to amend.

**C. Section 1983**

Okpor's claims under § 1983 are dismissed for failure to state a claim. Section 1983 authorizes a person to seek redress for a violation of his federal civil rights by a person who is acting under color of state law. Maine v. Thiboutot, 448 U.S. 1 (1980). Recovery under § 1983, requires a plaintiff to demonstrate that (1) a person deprived the plaintiff or caused the plaintiff to be deprived of a right secured by the Constitution or laws of the United States, and (2) the deprivation was done under color of state law. Moore v. Tartler, 986 F.2d 682, 685 (3d Cir. 1993). Racial animus however, is not a required element of a § 1983 claim, nor does the statute require intentional conduct or any other particular state of mind as a prerequisite to recovery. Goodman v. Lukens Steel Co., 777 F.2d 113, 135 (3d Cir. 1985). Rather, a violation of § 1983 requires only that a 'person' acting under the color of state law, deprived one of their constitutional rights. Id.

**I. Kennedy Health System (Count VI, ¶¶ 7 & 8)**

Kennedy is dismissed from Plaintiff's § 1983 claim because the hospital is not considered as a 'person' subject to liability pursuant to § 1983. Grabow v. S. State Corr. Facility, 726 F. Supp. 537, 538-39 (D.N.J. Oct. 16, 1989).

8

## II. Drs. Simmerson and Lovell

Drs. Simmerson and Lovell are also dismissed from Plaintiff's claims under § 1983 for failure to allege facts demonstrating that the doctors acted under color of state law. Although Drs. Simmerson and Lovell are 'person[s]' pursuant to the first element, even when construed liberally, Okpor has not alleged facts sufficient to demonstrate that Kennedy is a public health care entity and that the doctors are state employees.[5] Okpor has not alleged sufficient facts at this time to bring a claim under § 1983, and thus, his claims under this statute are dismissed. The plaintiff is given leave to file an amended complaint to allege facts consistent with the requirements of § 1983.

### D. Section 1985

Okpor's claims under § 1985 are dismissed as frivolous and for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B). Section 1985(3) of Title 42 provides for recovery of damages against "two or more persons in any State [who] conspire . . . for the purposes of depriving . . . any person . . . of having and exercising any right or privilege of a citizen of the United States." Stephens v. Kerrigan, 122 F.3d 171, 184 (3d Cir. 1997). Recovery under § 1985(3), requires a plaintiff to allege "(1) a conspiracy [between two or more persons]; (2) motivated by a racial or class based discriminatory animus designed to deprive, directly or indirectly, any person or class of persons to the equal protection of the laws; (3) an act in furtherance of the conspiracy; and (4) an injury to person or property or the deprivation of any right or privilege of a citizen of the

---

[5] Under the Federal Hospital Survey and Construction Act (known as the Hill-Burton Act), health care entities [whether public or private], receiving public funding are deemed to be state actors subject to government regulations. As state actors, health care entities are prohibited by the Equal Protection Clause of the Fourteenth Amendment from racially discriminating against African Americans. 42 U.S.C.A. § 2000(d).

9

United States." Lake v. Arnold, 112 F.3d 682, 685 (3d Cir. 1997) (citing Griffin v. Breckenridge, 403 U.S. 88, 91 (1971)).

### I. Kennedy

As discussed in the section discussing Okpor's § 1983 claim, Kennedy is not a 'person,' and is therefore not subject to liability under § 1985(3), an essential element of a cause of action based upon the statute. Therefore, Kennedy is dismissed from Okpor's claims under § 1985(3).

### II. Drs. Lovell and Simmerson

Drs. Lovell and Simmerson are also dismissed under § 1985(3), because Okpor has not sufficiently pled facts alleging a conspiracy to violate his civil rights based on his race. Rather, Okpor only alleges that the one doctor mentioned his race when denying him treatment for his pain and headache. (Count I, ¶ 6.) While this comment may be enough to demonstrate *intentional* discrimination, even construing the complaint liberally in favor of the plaintiff, the comment alone fails to establish the elements of a conspiracy. Thus, Drs. Lovell and Simmerson are dismissed under § 1985(3), and Okpor is granted leave to amend the complaint to allege facts consistent with the language of the statute.

### E. Section 1988

Okpor is proceeding *pro se* and is not entitled to collect attorneys fees pursuant to 42 U.S.C. § 1988(B). The Civil Rights Attorneys' Fees Awards Act, 42 U.S.C. § 1988, was enacted primarily to encourage the private enforcement of civil rights and to attract competent counsel to ensure enforcement of those rights. The Act provides for awards of attorneys' fees to prevailing parties in certain civil rights litigation. 42 U.S.C. §

1988(B). The statute provides in relevant part:

> In any action or proceeding to enforce a provision of sections 1981, 1982, 1983, 1985 . . . the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorneys' fee as part of the costs.

Id.

Generally, *pro se* litigants are not entitled to an award of attorneys' fees under § 1988, even when they are the prevailing party. Pitts v. Vaughn, 679 F.2d 311 (3d Cir. 1982) (holding that a non-lawyer, pro se litigant is not entitled to a fee award because § 1988 was enacted to enable litigants to obtain professional legal services, rather to provide an additional reward to successful pro se litigants); see also Maureen S. Duggan, J.D., Annotation, Award of attorney's fees to pro se litigants under 42 U.S.C. § 1988, 82 A.L.R. Fed. 800 (1987). Congress enacted § 1988 because it recognized that attorney's fee awards are often essential to enable private citizens to protect their civil rights in the courts. Id. at 312; see also Owens-El v. Robinson, 694 F.2d 941, 943 (3d Cir. 1982) (where the court stressed that the fee awards were not intended to reward *pro se* litigants who managed to prevail despite their lack of knowledge of legal procedure). In doing so, Congress intended to attract competent counsel by awarding attorney's fees in order to "protect litigants from the risks and perils of proceeding pro se." Id. at 942.

As a result, even if he is successful, Plaintiff is unable to collect attorney's fees pursuant to § 1988 because he is a *pro se* litigant. Therefore, Okpor's § 1988 claim is dismissed as futile without leave to amend. Phillips v. County of Allegheny, 515 F.3d 224 (3d Cir. 2008).

### F. Breach of Contract Claim

Apart from Okpor's federal claims, he alleges facts that may establish a basis for a common law breach of contract claim. In assessing the sufficiency of claims drafted by a *pro se* litigant, the court has an obligation to construe liberally such pleadings and to "apply the applicable law, irrespective of whether a pro se litigant has mentioned it by name." Higgins v. Beyer, 293 F.3d 683, 688 (3d Cir. 2002); see also Zilich v. Lucht, 981 F.2d 694 (3d Cir. 1992). Okpor *expressly* pleads breach of contract as one of the alleged violations. (Count II, ¶ 5) The allegations in support of this claim, viewing his complaint liberally, could be established from the facts alleged. The Court will permit this claim to proceed at this time.

### IV. Conclusion

For the reasons set forth in this Opinion, the Plaintiff may proceed *in forma pauperis* on his claims under § 1981 and breach of contract. Plaintiff's claims under §§ 1982, 1983, 1985 and 1988 are dismissed as frivolous and for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B). Since it is proper to dismiss Okpor's claims under these statutes, the Court will grant Okpor leave to amend should he be able to remedy the defective complaint. Therefore, Okpor is granted leave to amend his claims under §§ 1982, 1983 and 1985. As to the claims under §§ 1983 and 1985, Okpor may only amend his complaint as it pertains to Drs. Simmerson and Lovell, and not Kennedy, as Kennedy is not a 'person' subject to liability under the statutes. Leave to amend will not be granted as to the claim under § 1988, because Plaintiff has no right to recover under the statute.

An appropriate Order shall issue.

Dated: September 2, 2010

                                                 /s/ Joseph H. Rodriguez
                                               HON. JOSEPH H. RODRIGUEZ,
                                               United States District Judge